## INDIANA NAT. BANK OF INDIANAPOLIS, IND., v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1925. Rehearing Denied September 28, 1925.)

No. 3531.

Highways ⬤113(5)—Surety's agreement authorizing contractors to use monthly estimates as security for payment of loans made necessary to complete road construction contract held not breached.

Surety's agreement, authorizing contractors to use monthly estimates as security for payment of loans necessary to complete road construction contract to enable creditor making loans to have first lien on such estimates, *held* not breached by award of portion of such estimates to lien claimants, where creditor failed to assert its lien on monthly estimates while under its control, and money which it failed to furnish to complete contract was more than sufficient to pay lien claimants.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the Indiana National Bank of Indianapolis, Ind., against United States Fidelity & Guaranty Company. From a decree of dismissal, plaintiff appeals. Affirmed.

Alan W. Boyd and C. Severin Buschmann, both of Indianapolis, Ind., for appellant.

Fred C. Gause, of Indianapolis, Ind., for appellee.

Before ALSCHULER, EVANS and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellant's bill, dismissed for want of equity, shows that, after it had loaned a copartnership $41,000, to aid it in performing its contract to build a road in Indiana, with some understanding, unenforceable except as to the partnership, that appellant should have in payment the monthly estimates under the contract, one of the copartners died, and the surviving partners qualified as such in the Marion county probate court, as required by law. It was estimated that it would require not more than $60,000 to complete the contract, upon which there remained then unpaid $93,000. Appellant agreed that it would loan the necessary money, not exceeding $60,000, if it could have a first lien upon the monthly estimates therefor. Appellee was surety for the copartnership, obligated to see that the contract was fully performed and to pay all labor and materialmen.

To enable appellant to have the first lien, which it demanded, appellee, in writing, in the probate court, consented as follows: "Hereby consents to the petition filed by the surviving partners of said construction company to complete and execute such contract under order of court, and use the monthly estimates as security and in payment of loans made necessary to complete said contract." Thereupon the probate court authorized the completion of the contract and the borrowing of not to exceed $60,000 for that purpose, for which appellant was to have a first lien, and the surviving partners were authorized to execute all necessary notes, assignments, etc., to secure the money to and give appellant a first lien on the monthly estimates. The contract was completed, and appellant loaned therefor only $39,698, being $17,673.27 less than the amount necessary to complete the contract. For the latter amount, liens were claimed and established under the Indiana law.

Of the $93,000 unpaid on the contract at the time the arrangement was made for appellant to advance the money, $74,000 had been paid up to the time the contract was completed, leaving $19,321.52 unpaid. The inference from the bill is that appellant got no part of the $74,000, upon which it claims to have had a first lien, but no explanation is made as to why it did not, or as to what became of any part of it. Because the auditor of the county would not pay the $19,321.52 without an order of the court, a petition was filed, in which appellant, appellee, lienors, and others were made defendants. After answers and a full hearing, the court there refused payment of the money to appellant, but awarded it to the lienors to the extent of their claims, $17,673.27. That order was not appealed from, and the money was paid to the lienors.

The theory of the bill is that appellee was, under its surety contract, obligated to pay $17,673.27 to the lien claimants, and that because it did not do so it violated its consent and agreement that appellant should have a first lien upon the monthly estimates, and, further, because of that consent and agreement, appellant is entitled to be subrogated to the rights the lien claimants had against appellee to recover from appellee the amount paid to the lienors out of the alleged month-

ly estimates. Appellant's bill shows that, as security for $39,698, it had an undisputed first lien upon $74,000, which was, while it was wholly under appellant's control, paid, in cash, to some one.

Without in any way accounting for that cash, which was far in excess of its claim, it asks the court to marshal assets in its favor, so as to compel appellee, not primarily liable to it, to replace, for its benefit, money that the probate court, after a contest between appellant and the lien claimants, had awarded to the latter in payment of their lawful liens. To compel appellee to pay, on the theory that it permitted and aided lienors to satisfy their claims out of a fund upon which appellee consented that appellant should have a first lien, would be most inequitable, because appellee's consent was only that the fund might be used as "security and in payment of loans made *necessary to complete said contract.*" The money furnished by appellant was $20,000 short of the estimated $60,000 necessary to complete the contract. If appellant had furnished the money that was the consideration for appellee's consent, there would have been no liens.

The decree of the District Court is affirmed.